UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELWARE

| | |
|---|---|
| JENNIFER MISENHEIMER, AS PERSONAL REPRESENTATIVE OF THE ESTATE AND BENEFICIARIES OF CRAIG MISENHEIMER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WEEKS MARINE, INC. and DAWN SERVICES, L.L.C.,<br><br>　　　　Defendants. | C.A. No.<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT IN ADMIRALTY AND IN PERSONAM**

Jennifer Misenheimer, Personal Representative of the Estate and Beneficiaries of Craig Misenheimer, deceased by her attorneys, states upon personal knowledge and information and belief:

1. At all times pertinent, Craig Alan Misenheimer resided at 4677 Evelyn Street, Milton Florida, 32571 and was a resident of the State of Florida, and citizen of the United States of America.

2. At all times pertinent, Plaintiff Jennifer Misenheimer resided at 4677 Evelyn Street, Milton Florida, 32571, and was a resident of the State of Florida, and citizen of the United States of America, and the mother and natural guardian of:

    a. LRL,

    b. JCM, and

    c. JWM, all minors.

3. At all relevant times the decedent, Craig Misenheimer was father of, supported, loved and cared for:

1

      a. CWM,

      b. JCM, and

      c. JWM, and

      d. Step-father to LRL, and supported each of the above-named children of Jennifer Misenheimer.

4. Decedent Craig Misenheimer died on January 17, 2022 as a result of the faults of the defendants as more explicitly described herein.

5. Plaintiff was appointed as Personal Representative of the Estate and Beneficiaries of Craig Misenheimer by the Circuit Court for Sana Rosa County, Florida, Probate Division, on March 23, 2022.

6. Defendant, Weeks Marine, Inc. at all relevant times, was and is a corporation with its principal place of business in Cranford, New Jersey, and which does and did business in the States of New Jersey and Delaware.

7. Defendant, Dawn Services, L.L.C. at all relevant times was and is a corporation whose principal place of business is in Louisiana but at all relevant times was doing business in the State of Delaware.

8. The Tug M/V BAYOU DAWN is a U.S. flagged vessel which, at relevant times herein, and during the pendency of this litigation will be in the navigable waters of the within District and subject to the jurisdiction of this Honorable Court. The BAYOU DAWN, at all relevant times, was owned and operated by defendant Dawn Services, L.L.C.

## JURISDICTION

9. This action is brought under the Admiralty Law as modified by the Jones Act, 46 U.S.C. § 30104, and the Court's Admiralty Jurisdiction pursuant to 28 U.S.C. § 1333. Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at plaintiff's option, as permitted under <u>Fitzgerald v. United States Lines Company</u>, 374 U.S. 16 (1963). This action is also brought under the general maritime law of the United States.

10. To the extent non-maritime claims may be involved in this action, such claims fall within the pendant and ancillary jurisdiction of this honorable court.

11. Jurisdiction of this court also exists pursuant to 28 U.S.C. 1332 in that the parties are citizens of different states, and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

## STATEMENT OF FACTS AND CLAIMS

12. On or about January 20, 2022 the Plaintiff's Decedent, Craig Misenheimer, was an employee of Dawn Services, L.L.C. as a member of the crew of the Tug BAYOU DAWN.

13. In the course and scope of his employment, Craig Misenheimer was working as a seaman on and for the vessel known as the Tug Bayou Dawn, which was situated on navigable waters of the United States in Delaware Bay, off the shoreline of the State of Delaware, and in the territorial waters of the State of Delaware.

14. Plaintiff was a Jones Act seaman, entitled to all remedies available under the Jones Act.

15. Defendant DAWN SERVICES, L.L.C. was the owner and operator of the BAYOU DAWN and was doing business in the State of Delaware.

16. Defendant, Weeks Marine, Inc. is a maritime construction and dredging company hired by the Army Corps of Engineers and/or the City of Ocean City, Md., to accomplish maintenance and beach replenishment dredging at Ocean City, Maryland.  Equipment for that project was stored, mobilized and demobilized in Delaware Bay, including in the area of the Bay off of Cape Henlopen State Park in and or about Lewes, Delaware.

17. WEEKS subcontracted portions of the maritime work of the project to DAWN SERVICES,  including chartering the services and operation of the Tug Bayou Dawn which was engaged to move Weeks's Dredging equipment, including its dredge pipeline, from location to location designated by Weeks and under Weeks's supervision.

18. On January 19, 2022 Craig Misenheimer was in the employ of the defendants as a Deckhand for DAWN and/or a borrowed servant of Weeks.  He was being directed by defendant Weeks's supervisor to assist in moving certain dredge line pontoons and to secure same for safe stowage. The Weeks vessels and the Dawn vessels involved were not reasonably fit for their intended service, and that unseaworthiness led, at least in part, to the death of Craig Misenheimer as he was performing his duties for the benefit of one or both defendants.

19. Defendants had a duty to provide a safe place to work, including proper

equipment, supervision and safe practices and safe vessels and platforms upon which to work, which duties defendants jointly and severally failed to provide.

20. Due to the hazardous conditions, the improper instruction (i.e., method of operation) and supervision by WEEKS and/or DAWN supervisors, the slippery and unsafe conditions of the pontoons, and the pontoons' instability and such other breaches of duties by defendants, Craig Misenheimer was caused to fall to the surface of the pontoon, and from there into the freezing waters of Delaware Bay. There he suffered drowning, asphyxiation, pre-death pain and suffering, including physical and mental trauma, brain injury, pulmonary injury, cardiac injury, from all of which he eventually succumbed, all occurring to him due to the faults of one or both of the defendants.

21. The defendants both owed decedent a duty of reasonable care and a duty to provide a safe place to work, and safe and seaworthy vessels, fit for their intended purposes and proper safety procedures, equipment and supervision, which they failed to provide, all of which was negligent on their parts and constituted breaches of the duties they owed to Craig Misenheimer.

22. Defendants, furthermore, were negligent in the means and methods employed in attempting to rescue decedent, making his condition worsened by failing to remove him from the freezing waters in a timely fashion and, apparently, dropping him back into the freezing water, and by him striking vessels, equipment, etc. during the rescue attempts, thereby worsening his condition and likelihood of recovery, and failing to give proper emergency medical care.

23. Disregarding these duties and obligations, one or both of the defendants, by their

agents, servants and/or employees, were negligent and careless and the vessels were unseaworthy in that Defendant(s):

    a. Failed to provide a reasonably safe place for decedent to perform his duties;
    b. Compelled the decedent to work on a dangerous platform, and in particular it was dangerous because its surface was not properly anti-skid covered, and was not surfaced in a way to give proper footing;
    c. Provided improper, insufficient and dangerous instructions, directions and order;
    d. Physically caused the structure upon which decedent was working to become unstable;
    e. Ordered the work to be performed while weather and sea-conditions should have caused the operation to be shut down until better conditions existed;
    f. Failed to inspect and warn decedent of the unsafe and dangerous conditions existing on the vessel;
    g. Failed to do a proper Job Hazard Safety Analysis (JHSA) to mitigate and ameliorate the hazards appurtenant to the work;
    h. Failed to provide adequate crew members from the supervising work gang from Weeks Marine, and insufficient, and insufficiently trained crew on the BAYOU DAWN;
    i. Failed to provide decedent with safe and seaworthy vessels and safe and seaworthy appliances and appurtenances, and to keep same in a safe and seaworthy condition;
    j. Failed to take reasonable care to eliminate known dangerous and unseaworthy conditions, which were appreciated or should have been appreciated by Weeks's supervisors and Dawn Services's supervisors;
    k. Failed to provide sufficient emergency and rescue equipment and sufficiently trained staff and personnel to affect a reasonable and timely rescue of decedent and to provide emergency treatment and care to him, with such failures in part leading to his demise;
    l. Violated one or more statutes, maritime rules and regulations pertaining to vessel navigation or safety, and as such, making defendants liable for negligence per se;
    m. Such other acts of negligence or unseaworthy conditions as may be revealed as discovery proceeds.

24. By reason of the negligence of one or both of the defendants, jointly and severally, and the unseaworthy condition of the BAYOU DAWN and such

        Weeks' vessels involved in the ongoing operation, plaintiff's decedent was caused to sustain excruciating conscious pain and suffering before death, fear of the loss of life, a sense of impending doom, misery at the thought of no longer being available for his loved ones, and ultimately, death by drowning or some other trauma caused by one or both of the defendants.

25. By reason of the negligence of one or both of the defendants, jointly and severally, and the unseaworthy condition of the BAYOU DAWN and such Weeks' vessels involved in the ongoing operation, the Estate and Beneficiaries of Craig Misenheimer have suffered, are suffering and will suffer significant pecuniary losses, including loss of support, services and guidance, love, affection and caring, all said losses caused by the defendants.

    **WHEREFORE**, Jennifer Misenheimer, personally and as Personal Representative of the Estate and Beneficiaries of Craig Misenheimer, demands Judgment against the Defendants, WEEKS MARINE INC. and DAWN SERVICES, L.L.C., and in favor of the Estate and Beneficiaries of Craig Misenheimer, and in particular for compensatory damages under the Jones Act and general maritime law, and such state law claims as are applicable, for Craig Misenheimer's conscious pain and suffering before death, and on behalf of the Estate and Beneficiaries for such compensatory damages, including mental and emotional anguish, pain and suffering, funeral expenses, loss of support, loss of services of the deceased; loss of nurture, guidance, love, care, and instruction for the plaintiff, her children and Craig Misenheimer's surviving issue, loss of inheritance and for such other pecuniary losses as the evidence will show, all in an amount greatly in excess of $75,000, and for such pre and post judgment interest, costs of suit, attorney fees and any

other relief deemed appropriate by this Court.

| | |
|---|---|
| Dated: May 10, 2022 | Respectfully submitted, |
| Of Counsel: | FARNAN LLP |
| Keith S. Brais<br>Brais Law Firm<br>9300 S. Dadeland Boulevard, Suite 101<br>Miami, FL 33156-2704<br>Tel (305) 416-2901<br>Kbrais@braislaw.com | /s/ Brian E. Farnan<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 N. Market Street, 12th Floor<br>Wilmington, Delaware 19801<br>(302) 777-0300<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com |
| Paul T. Hofmann<br>HOFMANN & SCHWEITZER<br>1130 Route 202 South, Ste. A7<br>Raritan, NJ 08869<br>Tel: 908-393-5662<br>Fax: 212-465-8849<br>paulhofmann@hofmannlawfirm.com | *Attorneys for Plaintiff Jennifer Misenheimer* |